■ In the Matter of HARRIE SCHLOSS, Respondent, v TOWN OF PELHAM et al., Appellants. [714 NYS2d 769] —In a proceeding pursuant to CPLR article 78 to review a determination of a Judicial Hearing Officer at a Small Claims Assessment Review Proceeding dated April 22, 1999, the appeal is from a judgment of the Supreme Court, Westchester County (Barone, J.), entered November 5, 1999, which granted the petition and annulled the determination.

Ordered that the judgment is affirmed, with costs.

The " 'ultimate purpose of valuation * * * is to arrive at a fair and realistic value of the property involved' " (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack,* 92 NY2d 179, 189; *Matter of Great Atl. & Pac. Tea Co. v Kiernan,* 42 NY2d 236, 242). Furthermore, " 'the assessment of property value for tax purposes must take into account any factor affecting a property's marketability' " (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra,* at 189-190; *Matter of Commerce Holding Corp. v Board of Assessors,* 88 NY2d 724, 729).

The record demonstrates that the petitioner overcame the presumption of the validity of the assessments by substantial evidence. The appraisal report and affidavits of Scott Stiefvater, a local realtor, and Michael Bernholz, a tax appraiser, provided a more accurate valuation of the property than did the appellants' valuation, since the petitioner's valuation took into consideration the property's status as a historical landmark, state of disrepair, and lack of amenities. Therefore, we agree with the Supreme Court that the Hearing Officer's determination was arbitrary and capricious. O'Brien, J. P., Thompson, H. Miller and Schmidt, JJ., concur.